UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x
TIFFANY SIMONE EVANS,

                                        Plaintiff,          **NOTICE OF REMOVAL**

            - against -                                     Docket No. 16 CV _____

METROPOLITAN TRANSPORTATION AUTHORITY,
METROPOLITAN AND BRONX SURFACE TRANSIT
OPERATING AUTHORITY, DAVID SHARROCK and
NEW YORK CITY TRANSIT AUTHORITY a/k/a MTA
NEW YORK CITY TRANSIT,

                                        Defendants.
--------------------------------------------------------------------x

**CV 16 - 4560**

**BLOCK, J.**

**SCANLON, M.J.**

TO:     **THE UNITED STATES DISTRICT COURT**
        **EASTERN DISTRICT OF NEW YORK**

        Defendant Metropolitan Transportation Authority ("MTA"), by and through its attorney,

James B. Henly, Vice-President and General Counsel, New York City Transit Authority,

respectfully shows this Court as follows:

        1.      On or about July 19, 2016, defendant MTA was served with a Supplemental

Summons and Amended Verified Complaint in the above-entitled action, pending in the

Supreme Court of the State of New York, County of Kings, Index No. 510184/16, naming the

above-captioned defendants as defendants therein, and setting forth the claims for relief upon

which the action is based.   A copy of the Supplemental Summons and Amended Verified

Complaint, dated June 20, 2016, is annexed hereto as Exhibit A.

        2.      The above-captioned action is a civil action of which the United States District

Court has original jurisdiction pursuant to 28 U.S.C. § 1332, in that the action is between citizens

of different states.  This action is therefore removable to the United States District Court.

3.      Plaintiff is a resident of Connecticut and brings this lawsuit alleging, *inter alia*, that she was discriminated and retaliated against in violation of the New York State and City Human Rights Laws. See Exhibit A.

4.      This Notice of Removal is timely because it is being filed within thirty (30) days of MTA's receipt of the initial pleading.

5.      MTA will promptly file a copy of this Notice of Removal with the Clerk of the state court in which the action is pending.

6.      Defendants Metropolitan and Bronx Surface Transit Operating Authority ("MaBSTOA") and New York City Transit Authority ("NYCT") were served with the Supplemental Summons and Amended Verified Complaint on or about June 24, 2016.  Both NYCT and MaBSTOA consent to the removal of this action to the United States District Court.

7.      Upon information and belief, defendant Richard Sharrocks, incorrectly sued herein as David Sharrocks, has not been served with process.  Nonetheless, Richard Sharrocks consents to the removal of this action to the United States District Court.  See Letter of Richard Sharrocks, dated August 3, 2016, annexed hereto as Exhibit B.

8.    MTA is unaware of any previous application for the relief requested herein.

WHEREFORE, defendant Metropolitan Transportation Authority respectfully requests that the above-captioned action be removed from the Supreme Court of the State of New York, County of Kings, to the United States District Court for the Eastern District of New York.

Dated: New York, New York
    August 16, 2016

JAMES B. HENLY
Vice-President and General Counsel
NEW YORK CITY TRANSIT AUTHORITY
Attorney for Defendants MTA, NYCT, and MaBSTOA
130 Livingston Street, Room 1209
Brooklyn, New York 11201
718-694-3686

By: _____
        Daniel Chiu

To:    EISENBERG & BAUM, LLP
    *Attorneys for Plaintiff*
    24 Union Square East
    Fourth Floor
    New York, New York 10003
    212-353-8700

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-----------------------------------------------------------------X   Index No.: 510184/2016

TIFFANY SIMONE EVANS,                                  :

                Plaintiff,                        :   **<u>SUPPLEMENTAL SUMMONS</u>**

                                                :

    -v.-                                                  :   Venue is based on Defendant
                                                       :   MBST's principle place of
METROPOLITAN TRANSPORTATION AUTHORITY,   :   business at 130 Livingston Street,
METROPOLITAN AND BRONX SURFACE TRANSIT   :   Brooklyn, NY, 11201
OPERATING AUTHORITY, DAVID SHARROCKS and  :
NEW YORK CITY TRANSIT AUTHORITY a/k/a     :
MTA NEW YORK CITY TRANSIT,               :

                                                :

                Defendants.                    :

-----------------------------------------------------------------X

To the above-named Defendants:

    **YOU ARE HEREBY SUMMONED** to answer the attached Amended Verified

Complaint of Plaintiff, TIFFANY SIMONE EVANS, dated June 20, 2016, a true and accurate

copy of which is served upon you herewith.  You must serve your Verified Answer upon the

undersigned attorneys either (1) within twenty days after service of this Summons and the

attached Verified Complaint, exclusive of the day you received it, if you were served personally

in the State of New York, or (2) within thirty days after service, exclusive of the day you were

received it, if you were not served personally in New York State.

    **PLEASE TAKE NOTICE** that should you fail to serve your Verified Answer within the

time prescribed under applicable law, Plaintiff, TIFFANY SIMONE EVANS, will take judgment

against you by default for the relief demanded in the Verified Complaint pursuant to section

3215 of the New York Civil Practice Law and Rules.

    Dated: New York, NY                          M.T.A. General Counsel
                                                  Received
                                   Date: 7-19-16  Time: 1:00 P.M

ACCEPTED FOR MTA ONLY                            Mail ☐   Personal ☑

June 20, 2016

Yours, etc.

EISENBERG & BAUM, LLP

By:_____

Sagar Shah, Esq.
Attorneys for Plaintiff
24 Union Square East
Fourth Floor
New York, NY   10003
(212) 353-8700

To:

METROPOLITAN TRANSPORTATION AUTHORITY

METROPOLITAN AND BRONX SURFACE
TRANSTI OPERATING AUTHORITY

DAVID SHARROCKS

NEW YORK CITY TRANSIT AUTHORITY a/k/a
MTA NEW YORK CITY TRANSIT

=2=

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---------------------------------------------------------------X   Index No.: 510184/2016

TIFFANY SIMONE EVANS,                                         :

                         Plaintiff,                :   **AMENDED**
                                               :   **VERIFIED COMPLAINT**

   -v.-                                                     :

                                               :   Venue is based on Defendant
METROPOLITAN TRANSPORTATION AUTHORITY, :   MBST's principle place of
METROPOLITAN AND BRONX SURFACE TRANSIT  :   business at 130 Livingston Street,
OPERATING AUTHORITY, DAVID SHARROCKS and :   Brooklyn, NY, 11201
NEW YORK CITY TRANSIT AUTHORITY a/k/a    :
MTA NEW YORK CITY TRANSIT,               :

                         Defendants.               :

---------------------------------------------------------------X

      Plaintiff TIFFANY S. EVANS, by her attorneys, EISENBERG & BAUM, LLP, as and

for her Verified Complaint against Defendants, states as follows:

### THE PARTIES

      1.     Plaintiff TIFFANY S. EVANS is an individual residing at Fairfield County,

Connecticut.

      2.     Defendant METROPOLITAN TRANSPORTATION AUTHORITY ("MTA") is

a public benefit corporation responsible for public transportation in the State of New York.

      3.     Defendant METROPOLITAN AND BRONX SURFACE TRANSIT

OPERATING AUTHORITY ("MBST") is a public benefit corporation responsible for public

transportation in the State of New York.

      4.     Defendant DAVID SHARROCKS is an individual upon information and belief

employed by MTA and/or MBST and upon information and belief resides in the State of New

York.

EL AIMS PROCESSING
RECEIVED
2016 JUL 28 P 2: 38
LAW DEPARTMENT
MTA NYC TRANSIT

=3=

5. Defendant NEW YORK CITY TRANSIT AUTHORITY a/k/a MTA NEW YORK CITY TRANSIT ("NYCTA") is a public benefit corporation responsible for public transportation in the State of New York.

## JURISDICTION AND VENUE

6. This Court has personal jurisdiction over the Defendants pursuant to C.P.L.R. §§301 and 302, because the Defendants are located in New York, reside in New York, are licensed to do business in New York and are transacting business in New.

7. Venue is proper pursuant to C.P.L.R. §503 based on Defendant MBST's principle place of business at 130 Livingston Street, Brooklyn, NY, 11201.

## BACKGROUND

8. Plaintiff Evans was hired as a bus driver in training by Defendants MTA, MBST and/or NYCTA and commenced her training in late March 2015. She is African-American.

9. Throughout her training, Defendant Sharrocks was an employee of Defendants MTA, MBST and/or NYCTA and was assigned by them to be Plaintiff's trainer, manager and immediate supervisor, with the authority to qualify her as a New York City bus driver or to deny her such employment. He is white and, upon information and belief, of Irish national origin.

10. Beginning on March 25, 2015, and continuously thereafter while she was employed by MTA, MBST and/or NYCTA, Defendant Sharrocks would sexually and racially harass Plaintiff Evans and discriminate and retaliate against her on the basis of her gender and race.

11. On March 25th, while on board an MTA/MBST/NYCTA bus in training in Howard Beach, Defendant Sharrocks intentionally brushed his genitals against Plaintiff's buttocks.

12. In addition, that same day Defendant Sharrocks made denigrating statements about Plaintiff's religion, race and national origin.

13. Plaintiff made clear to Defendant Sharrocks that the touching and the comments which occurred on March 25th were unwanted, but he ignored her and continued to harass, discriminate and retaliate against her.

14. On a subsequent day of training, while driving through Bronx County, Defendant Sharrocks asked Plaintiff Evans what kind of underwear she wore, what color it was and whether it came from Victoria's Secret. He suggested that they stop for lunch at a liquor store, asking: "When you drink, how much does it take before you get frisky? Don't you even let your husband smell it?" He stated that he could not control himself when he went to the gym and saw women in tight-fitting exercise clothing, and made obscene comments about their bodies. He also asked Plaintiff Evans about sniffing her underwear.

15. On several occasions Defendant Sharrocks asked about Plaintiff unwanted and offensive questions about her personal sexual behavior. For instance, he asked if she was in control or her husband was in control. There were many other similar sexual comments.

16. On the fifth day of her training, Defendant Sharrocks against brushed his genitals against Plaintiff Evans during a demonstration of air brake procedure.

17. Defendant Sharrocks repeatedly made disparaging comments about women's intelligence and ability, accusing Plaintiff Evans of being "brain dead" and being "dyslexic" and comparing her to his unintelligent wife and stating that "all women are the same" and asking "what the fuck is wrong with them?!" He stated that he believed it was not possible to rely on a woman to do a man's job. He even made such comments on the very day of Plaintiff Evans' road test.

18.     Defendant Sharrocks would also routinely make disparaging slurs about race, national origin and ethnicity.  He referred to Plaintiff Evans, while speaking to another driver, as a "black bitch" and said that he felt sorry for her husband.  He treated white women much differently from black women.  He complained about minority hiring practices at MTA which resulted, according to him, in an inferior quality of employees who were black.  He also used racial slurs to refer to his "Guinea wife" and he attacked homosexuals (saying they are lazy and only want to protest) and Mexicans (saying they are lazy and have too many children).  He stated that if any such persons came to his property he would shoot first and ask questions later.  He referred to an Italian woman as a "guido" which he meant to be highly disparaging.

19.     Often during the training Defendant Sharrocks would go to sleep, and would then become irate to be disturbed by questions Plaintiff would ask about the proper operation of the bus.

20.     This abusive conduct continued throughout the first seven days of training until, on the seventh day, Defendant Sharrocks administered a test during the training while driving through New York County and failed Plaintiff Evans after she resisted when he groped her breasts while telling her she had to "sit up straight" while driving.  Prior to the groping Defendant Sharrocks had made comments about women's breasts and told Plaintiff Evans that she would have to remove her sweater during the training, making this remark for the purpose of forcing her to reveal her breasts to him.

21.     Plaintiff Evans was told by other drivers that Defendant Sharroks routinely harassed employees on sexual and racial grounds.  Driver Yvonne Wynne told her that, for instance, and also told her that she should not complain because if she did the company would retaliate and fire her.  Assistant Shop Steward Jose Gomez also confirmed this, although once

when the met off duty he said that he could advise her "off the record" that if she wanted to lodge a complaint she should do so by contacting Clarence Howard. Mr. Gomez stated that he could only speak "off the record" because he feared retaliation by the defendants.

22.     On April 6, 2015, Plaintiff made a written complaint about harassment, discrimination and retaliation by Defendant Sharrocks to MTA, MBST and/or NYCTA. Thereafter she was transferred to a new trainer, Mr. H. Gonzalez.  Instead of treating Plaintiff Evans fairly, however, Gonzales retaliated against her by continuing to make false allegations of poor performance and failing Plaintiff Evans on field tests.  Although she performed properly throughout the training period, MTA, MBST and/or NYCTA then refused to certify Plaintiff Evans as a bus driver and terminated her employment.

23.     On May 14, 2015, Plaintiff Evans made a written complaint about Mr. Gonzales to MTA, MBST and/or NYCTA.

24.     Despite Plaintiff Evans' written complaints, upon information and belief no disciplinary action was taken against Defendants Sharrocks or Gonzales, and they were allowed to continue working and to have supervisory authority over bus driver trainees.  Upon information and belief, the investigation was abandoned.

## AS AND FOR A FIRST CAUSE OF ACTION
**(Sexual Harassment and Hostile Workplace – Against All Defendants)**

25.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs numbered "1" through "24" as if set forth more fully and at length herein.

26.     Section 296.1(a) of the New York Human Rights Law, N.Y. Exec. Law § 290 *et seq.*, and Title 8 of the New York City Administrative Code, §8-107, prohibit sexual harassment in employment.  Defendants were Plaintiff's employers within the meaning of those laws.

27.     Plaintiff deserved to retain her employment with Defendants, and to be awarded permanent employment as a bus driver, and did not do anything to merit discharge or discipline. Nevertheless, Defendants denied Plaintiff the benefit of employment, including all favorable conditions and emoluments thereof and created and allowed to exist a hostile, intolerable workplace based on sexual harassment that imposed upon her by the conduct of its employees and managers, of which they was well aware of and without any non-discriminatory basis therefor.

28.     Defendants' actions were taken under circumstances giving rise to an inference of discrimination.

29.     As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff suffered adverse employment consequences. Plaintiff was caused to suffer lost past and future wages, professional opportunities, other valuable benefits and emoluments of employment as well as to endure severe emotional pain and trauma, all to her detriment.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Racial Harassment and Hostile Workplace – Against All Defendants)

30.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs numbered "1" through "29" as if set forth more fully and at length herein.

31.     Section 296.1(a) of the New York Human Rights Law, N.Y. Exec. Law § 290 *et seq.*, and Title 8 of the New York City Administrative Code, §8-107, prohibit racial harassment in employment. Defendants were Plaintiff's employers within the meaning of those laws.

32.     Plaintiff deserved to retain her employment with Defendants and did not do anything to merit discharge or discipline. Nevertheless, Defendants denied Plaintiff the benefit of employment, including all favorable conditions and emoluments thereof and created and allowed to exist a hostile, intolerable workplace based on racial (African-American) harassment

that imposed upon her by the conduct of its employees and managers, of which they was well aware of and without any non-discriminatory basis therefor.

33.    Defendants' actions were taken under circumstances giving rise to an inference of discrimination.

34.    As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff suffered adverse employment consequences.  Plaintiff was caused to suffer lost past and future wages, professional opportunities, other valuable benefits and emoluments of employment as well as to endure severe emotional pain and trauma, all to her detriment.

<u>AS AND FOR A THIRD CAUSE OF ACTION</u>
**(Gender Discrimination – Against All Defendants)**

35.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs numbered "1" through "34" as if set forth more fully and at length herein.

36.    Section 296.1(a) of the New York Human Rights Law, N.Y. Exec. Law §290 *et seq.* and Title 8 of the New York City Administrative Code, §8-107 prohibit gender discrimination in employment.   Defendants were Plaintiff's employers within the meaning of those laws.

37.    Plaintiff deserved to retain her employment with Defendants and did not do anything to merit discharge or discipline.  Nevertheless, Defendants denied Plaintiff the benefit of employment, including all favorable conditions and emoluments thereof, and constructively discharged her, because of hostility to Plaintiff based on her gender (female) and without any non-discriminatory basis thereof.  Other employees who were male were not subject to the same acts of discrimination.

38.    Defendants' actions were taken under circumstances giving rise to an inference of discrimination.

39.     As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff suffered adverse employment consequences.  Plaintiff was caused to suffer lost past and future wages, professional opportunities, other valuable benefits and emoluments of employment as well as to endure severe emotional pain and trauma, all to her detriment.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Race Discrimination – Against All Defendants)

40.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs numbered "1" through "39" as if set forth more fully and at length herein.

41.     Section 296.1(a) of the New York Human Rights Law, N.Y. Exec. Law §290 *et seq.* and Title 8 of the New York City Administrative Code, §8-107 prohibit gender discrimination in employment.   Defendants were Plaintiff's employers within the meaning of those laws.

42.     Plaintiff deserved to retain her employment with Defendants and did not do anything to merit discharge or discipline.  Nevertheless, Defendants denied Plaintiff the benefit of employment, including all favorable conditions and emoluments thereof, and constructively discharged her, because of hostility to Plaintiff based on her race (African-American) and without any non-discriminatory basis thereof.  Other employees who were not African-American were not subject to the same acts of discrimination.

43.     Defendants' actions were taken under circumstances giving rise to an inference of discrimination.

44.     As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff suffered adverse employment consequences.  Plaintiff was caused to suffer lost past and future wages, professional opportunities, other valuable benefits and emoluments of employment as well as to endure severe emotional pain and trauma, all to her detriment.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Retaliation – Against All Defendants)

45.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs numbered "1" through "44" as if set forth more fully and at length herein.

46.     Section 296.1(a) of the New York Human Rights Law, N.Y. Exec. Law § 290 *et seq.* and Title 8 of the New York City Administrative Code, §8-107 prohibit retaliation against an employee who seeks to assert rights under the Human Rights Law.  Defendants were Plaintiff's employers within the meaning of those laws.

47.     Plaintiff complained to Defendants about the mistreatment based on gender, race and sexual harassment inflicted upon her by employees, her immediate supervisors and managers of Defendants.  In response, Plaintiff was subjected to additional mistreatment until her working conditions became unbearable, all with the knowledge and approval of Defendant for the purpose of punishing her for attempting to assert her rights.

48.     Defendants' actions were taken under circumstances giving rise to an inference of discrimination.

49.     As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff suffered adverse employment consequences.  Plaintiff was caused to suffer lost past and future wages, professional opportunities, other valuable benefits and emoluments of employment as well as to endure severe emotional pain and trauma, all to her detriment.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully prays that this Court grant the following relief against the Defendants:

50.     Enter a declaratory judgment, stating that Defendants' practices, policies and procedures subjected Plaintiff to sexual and racial harassment; gender, race and sexual

orientation discrimination and retaliation, making her work environment a hostile workplace in violation of Section 296.1(a) of the New York Human Rights Law, N.Y. Exec. Law § 290 *et seq.* and Title 8 of the New York City Administrative Code, § 8-107.

51.     Enjoin Defendants from implementing or enforcing any policy, procedure, or practice that denies employees of any gender, sexuality, and race the full and equal enjoyment of Defendants' benefits, pay increases, promotional opportunities and advancement within the company, and specifically enjoin them:

    i.    to develop, implement, promulgate, and comply with a policy providing for the training of each and every employee in the civil rights of employees in the workplace, including but not limited to gender, race and sexual discrimination, harassment and retaliation;

    ii.    to develop, implement, promulgate, and comply with a policy providing for reporting and investigation of complaints regarding civil rights abuses, including but not limited to gender, race and sexual discrimination, harassment and retaliation;

    iii.    to develop, implement, promulgate, and comply with a policy providing for disciplinary measures to be imposed upon any person found responsible for civil rights abuses, including but not limited to gender, race and sexual discrimination, harassment and retaliation;

52.     On the First Cause of Action, enter judgment against the named defendants and an award of compensatory damages for back pay, front pay, past and future employment benefits, damages for emotional distress, punitive and/or exemplary damages, attorneys' fees, pre and post-judgment interest, in an amount, in excess of the jurisdictional limits of any other court, to

be determined at trial by the jury, and further relief as this Honorable Court deems just, equitable and proper;

53.    On the Second Cause of Action enter judgment against the named defendants and an award of compensatory damages for back pay, front pay, past and future employment benefits, damages for emotional distress, punitive and/or exemplary damages, attorneys' fees, pre and post-judgment interest, in an amount, in excess of the jurisdictional limits of any other court, in an amount to be determined at trial by the jury, and further relief as this Honorable Court deems just, equitable and proper;

54.    On the Third Cause of Action enter judgment against the named defendants and an award of compensatory damages for back pay, front pay, past and future employment benefits, damages for emotional distress, punitive and/or exemplary damages, attorneys' fees, pre and post-judgment interest, in an amount, in excess of the jurisdictional limits of any other court, to be determined at trial by the jury, and further relief as this Honorable Court deems just, equitable and proper;

55.    On the Fourth Cause of Action enter judgment against the named defendants and an award of compensatory damages for back pay, front pay, past and future employment benefits, damages for emotional distress, punitive and/or exemplary damages, attorneys' fees, pre and post-judgment interest, in an amount, in excess of the jurisdictional limits of any other court, in an amount to be determined at trial by the jury, and further relief as this Honorable Court deems just, equitable and proper;

56.    On the Fifth Cause of Action enter judgment against the named Defendants and an award of compensatory damages for back pay, front pay, past and future employment benefits, damages for emotional distress, punitive and/or exemplary damages, attorneys' fees,

pre and post-judgment interest, in an amount, in excess of the jurisdictional limits of any other

court, in an amount to be determined at trial by the jury, and further relief as this Honorable

Court deems just, equitable and proper.

Dated: New York, New York
        June 20, 2016

                                    EISENBERG & BAUM, LLP

                        By: _____
                               Sagar Shah, Esq.
                               Attorneys for Plaintiff Tiffany Evans
                               24 Union Square East
                               Fourth Floor
                               New York, NY  10003
                               (212) 353-8700

MTA NYC TRANSIT
LAW DEPARTMENT
2016 JUL 28 P 12: 38
RECEIVED
CLAIMS PROCESSING

=14=

## VERIFICATION

The undersigned, being an attorney duly admitted to practice in the Courts of the State of New York, affirms under the penalties of perjury:

That I am an associate at the law firm of EISENBERG & BAUM, LLP attorneys for the PLAINTIFF, TIFFANY S. EVANS, in the within action. I have read and know the contents of the foregoing SUPPLEMENTAL SUMMONS & AMENDED VERIFIED COMPLAINT, and that the same is true based upon discussions with PLAINTIFF and a review of my file.

This verification is made by affirmant and not by the plaintiff herein because the plaintiff is not presently within the county wherein affirmant maintains his office.

This verification is based on information furnished by plaintiff in this action and information contained in affirmant's file.

Dated: New York, NY
      June 20, 2016

_____
Sagar Shah, Esq.

RECEIVED
CLAIMS PROCESSING
2016 JUL 28 P 12 38
MTA NYC TRANSIT
LAW DEPARTMENT

=15=

August 3, 2016

Daniel Chiu
New York City Transit Authority
130 Livingston Street, 12th Floor
Brooklyn, New York 11201

        Re:   <u>Tiffany Simone Evans v. Metropolitan Transportation Authority, *et al.*</u>
              Index No. 510184/16

Dear Mr. Chiu:

    I am one of the defendants in the above referenced action, incorrectly named as David Sharrocks. This letter is to inform you that I consent to the removal of this action to the United States District Court.

                        Very truly yours,

                        Robert Sharrocks

## <u>CERTIFICATION OF SERVICE</u>

I, Daniel Chiu, hereby certify that:

On August 16, 2016, I served the annexed Notice of Removal by depositing a true and correct copy, into the custody of United States Postal Service, in an enclosed envelope with sufficient postage for first-class mail addressed to:

EISENBERG & BAUM, LLP
*Attorneys for Plaintiff*
24 Union Square East
Fourth Floor
New York, New York 10003

I certify under penalty of perjury that the foregoing is true and correct.

Dated: Brooklyn, New York
       August 16, 2016

 

                                  Daniel Chiu