UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
TIFFANY SIMONE EVANS,

                Plaintiff,

   -against-                      **MEMORANDUM AND ORDER**
                                      Case No. 16-CV-4560 (FB) (VMS)

METROPOLITAN
TRANSPORTATION AUTHORITY,
MANHATTAN AND BRONX
SURFACE TRANSIT OPERATING
AUTHORITY, ROBERT
SHARROCKS, and NEW YORK CITY
TRANSIT AUTHORITY a/k/a MTA
NEW YORK CITY TRANSIT,

                Defendants.
------------------------------------------------x

*Appearances*

*For the Plaintiff:*
ERIC BAUM, ESQ.
SAGAR SHAH, ESQ.
Eisenberg & Baum, LLP
24 Union Square East, Fourth Floor
New York, New York 10003

*For the Defendants:*
STEVEN GERBER, ESQ.
JEREMY M. WEINTRAUB, ESQ.
Schoeman Updike Kaufman & Gerber LLP
551 Fifth Avenue, Suite 1200
New York, New York 10176

**BLOCK, Senior District Judge:**

      After a four-day trial, the jury in this action found Robert Sharrocks and the New York City Transit Authority ("NYCTA") liable to Tiffany Evans for sex discrimination. It awarded $100,000 in lost wages, $25,000 in non-economic damages, and $7,500 in punitive damages.

1

In a prior memorandum and order, the Court granted the defendants' motion for judgment as a matter of law on Evans's claim for lost wages, but otherwise denied their post-trial motions. It now turns to Evans's post-trial motions.

First, Evans moves for attorney's fees and costs. The Court follows its usual practice of deferring considering of such motions until the appellate process has run its course.

Second, Evans moves for equitable relief, seeking either front pay or "a monitored opportunity to re-take the 10-day training course." Pl.'s Mem. of Law 7. Her request for front pay is denied for the same reason the Court set aside the jury's award of past lost wages: While Evans testified as to her understanding of the hourly wage of an NYCTA bus driver and her hourly wage at her current job, she failed to offer any evidence of the hours worked. As a result, there is no basis on which to calculate total earnings.

Evans's alternative request to re-take the training course is analogous to reinstatement, which is the preferred remedy in employment discrimination cases. *See Reiter v. MTA New York City Transit Auth.*, 457 F.3d 224, 230 (2d Cir. 2006) ("Under Title VII, the best choice is to reinstate the plaintiff, because this accomplishes the dual goals of providing make-whole relief for a prevailing plaintiff

and deterring future unlawful conduct."). Reinstatement is not appropriate "where there is animosity between an employer and an employee or where there is no longer a position available at the time of judgment," *Bergerson v. New York State Office of Mental Health*, 652 F.3d 277, 288 (2d Cir. 2011), but neither circumstance is present here.

Instead, the defendants argue that Evans should not be reinstated because she did not successfully complete the training. *See Bank v. Travelers Cos.*, 180 F.3d 358, 365 (2d Cir. 1999) ("[Reinstatement and front pay] are inappropriate where the employment term would already have ended by the time of judgment."). They argue that the jury's finding of no retaliation "severs a[ny] causal connection between the discrimination and the plaintiff's failure to obtain a particular job." Defs.' Mem. of Law 4.

The Court agrees that the jury's verdict is binding as to issues of fact common to both legal and equitable relief. *See Wade v. Orange Cty. Sheriff's Office*, 844 F.2d 951, 954 (2d Cir. 1988) ("[W]hen the jury has decided a factual issue, its determination has the effect of precluding the court from deciding the same fact issue in a different way."). But it disagrees that the jury found no causal connection between Sharrocks's misconduct and Evans's poor performance with other trainers. To the contrary, despite finding that those trainers did not act with any retaliatory

3

motive, the jury awarded past lost wages as damages for sex discrimination. Although the Court set aside the award because it was not supported by adequate evidence as to the amount of lost wages, the jury's implicit finding that Sharrocks's conduct caused Evans to fail the training was adequately supported by the testimony of one of the trainers that Evans was emotional during his portion of the training, and Evans's own testimony that she was emotional on the last day of training because she had just filed her written complaint. Thus, the jury could reasonably conclude that Evans's experience with Sharrocks had contributed to her poor performance.

The defendants further argue reinstatement poses a threat to public safety. But Evans is not asking to be made a bus driver; she is asking for another opportunity to take the training.

There is, in sum, no just reason to deny the "preferred remedy" of reinstatement. However, Evans's request that her training be "monitored" is vague and possibly unnecessary. In addition, the Court is not inclined to require the Transit Authority to offer the training on a special schedule or to make other accommodations. Evans is entitled to training free of discrimination, but otherwise the same training that any other applicant would receive.

Accordingly, the parties shall confer in good faith regarding the details of Evans's request.  Within fourteen days of this memorandum and order, they shall submit a joint letter setting out (1) any agreed-to details and (2) each party's position on any areas of disagreement.

**SO ORDERED**.

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 27, 2018